FILED
JAMES BONINI
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

2009 JUL 10 PM 1:39

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| GEORGE R. WERTZ, ESQ.,and JOEL MEDRANO, Administrators of the ESTATE OF SALLY ANN DYE, Bernlohr Wertz, L.L.P. 23 South Main Street Suite 301 Akron, OH 44308 | ) EASTERN DIVISION ) ) JUDGE MAGISTRATE JUDGE KING ) ) CASE NO.: 2:09 cv 591 ) ) **COMPLAINT IN CIVIL ACTION** |
| Plaintiffs, | ) Filed on behalf of Plaintiffs, ) GEORGE R. WERTZ, ESQ. and |
| vs. | ) JOEL MEDRANO, ) Administrators of the |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY One State Farm Plaza Bloomington, Illinois 61710 | ) ESTATE OF SALLY ANN DYE ) ) Counsel of Record for this party: ) Samuel B. Weiner Company, L.P.A. ) Samuel B. Weiner, Esq. |
| KATHIE HYNDS 18050 Shepherd Valley Road Wildwood, MO 63038 | ) OH I.D. #0003970 ) 743 S. Front Street ) Columbus, OH 43206 ) (614) 443-6581 |
| WORKPLACE RESOURCE, L.L.C. 9 Sunnen Drive Maplewood MO 63143 Registered Agent: W.Benjamin Hynds, Jr. | ) Fax: (614) 443-9978 ) ) **JURY TRIAL DEMANDED** ) |
| MARC KRAMER, Esq., Administrator of the ESTATE OF WILLIAM B. HYNDS 1015 Locust Street St. Louis, Missouri 63101 | ) ) ) ) |
| Defendants Jointly and Severally | ) ) ) |

## COMPLAINT

AND NOW come the Plaintiffs, George R. Wertz, Esq., and Joel Medrano, as Administrators of the Estate of Decedent Sally Ann Dye by and through their attorney, Virginia Shenkan, Esquire, of VIRGINIA SHENKAN LAW CENTER, P.C., who file this Complaint and aver as follows:

1. Plaintiffs are citizens and residents of Ohio. Defendant State Farm Mutual Automobile Insurance Company is a citizen of Illinois. All other Defendants are citizens and residents of Missouri. The amount in controversy, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75, 000).

2. Venue is proper in the Southern District of Ohio, inasmuch as the cause of action arose therein.

### A. PARTIES AND INTERESTED PERSONS:

3. Plaintiffs, George R. Wertz, Esq., and Joel Medrano, are the Administrators of the Estate of Sally Ann Dye, deceased, who last resided at 1704 Castare Drive, Columbus, Franklin County, OH 43227.

4. Sally Ann Dye died intestate as a result of fatal injuries sustained in the hereinafter described collision.

5. Plaintiffs were duly appointed Administrators of the Estate of Sally Ann Dye deceased, and in this capacity they act herein on behalf of the Estate, the beneficiaries of the Estate and the potential beneficiaries of the Estate.

6. At the time of her death, Sally Ann Dye left surviving her the following individuals for whose benefit this claim is, in part, filed and who have been notified of this lawsuit.

| Name | Relationship | Address |
|---|---|---|
| Joel Medrano | Husband | 1704 Castare Drive<br>Columbus, OH 43227 |
| Emma Ryleigh Dye | Daughter | 1704 Castare Drive<br>Columbus, OH 43227 |
| Logan Dye | Son | 5769 Freeman Road<br>Westerville, OH 43052 |

7. The filing of this Complaint of Wrongful Death and Survival Claims has been authorized by Plaintiffs George R. Wertz, Esq. and Joel Medrano, as Administrators of the Estate of Decedent Sally Ann Dye.

8. At no time since the death of Sally Ann Dye did Decedent's Administrators George R. Wertz, Esq. and Joel Medrano, or either of them, bring any action for the personal injuries and suffering of Sally Ann Dye, and no other action for the death of Decedent Sally Ann Dye has been commenced against any of the Defendants named herein.

9. At all times material, Decedent William B. Hynds, an adult individual, is believed to have resided at 18050 Shepherd Valley Road, Wildwood, MO 63038. Defendant Kathie Hynds, an adult individual, also resides at that address.

10. Defendant Marc Kramer, Esquire, of 1015 Locust Street, St. Louis, Missouri 63101 has been appointed Administrator of the Estate of William B. Hynds, deceased, by the Probate Division of the Circuit Court of St. Louis County, Missouri on July 11, 2008.

11. Defendant, Workplace Resource, LLC, is a Missouri Limited Liability Company, with an office address of 9 Sunnen Drive, Maplewood, Missouri 63143.

12. At all material times, the vehicle driven by Decedent William B. Hynds at the

time of the incident in question was leased by and/or owned by William B. Hynds and/or by his wife Kathie Hynds.

13. At all times material, Kathie Hynds resided at 18050 Shepherd Valley Road, Wildwood, MO 63038.

14. It is averred that Defendant Workplace Resource, L.L. C. was an "alter ego" of Decedent William B. Hynds during his lifetime, as will appear more fully below.

15. Defendant State Farm Mutual Automobile Insurance Company is an Illinois corporation with its principal place of business at One State Farm Plaza, Bloomington, Illinois 61710.

16. At all material times, Robert A. Connell owned a dark blue 1997 Jeep Grand Cherokee in which Sally Ann Dye was a passenger at the time of the fatal collision referred to more specifically below.

17. At all material times on July 15, 2007, Robert A. Connell was driving the Jeep southbound on SR 207, near Madison Township, Fayette County, Ohio.

18. At all material times, Decedent William B. Hynds was the driver of the black 2006 Acura MDX believed to be owned by himself or his wife Kathie Hynds.

19. At all material times, Decedent William B. Hynds was driving the aforesaid black 2006 Acura MDX northbound on SR 207, near Madison Township, Fayette County, Ohio. Plaintiff believes and avers that Mr. Hynds had consumed twice the quantity of alcohol to render him legally intoxicated, and that he was carrying a considerable quantity of alcohol in his vehicle at the time.

20. At the said place and time, Robert A. Connell, while operating the Jeep referred to above, in which Sally Ann Dye was a passenger, drove left of center and

collided head-on with the aforesaid black 2006 Acura MDX driven by Decedent William B. Hynds, Jr.

21.     At the said place and time, Decedent ,William B. Hynds, while operating the Acura referred to above, negligently, carelessly, and recklessly drove left of center and collided head-on with the aforesaid dark blue 1997 Jeep Grand Cherokee driven by Robert A. Connell.

22.     As a direct and proximate result of the collision between the Jeep Grand Cherokee and the Acura MDX, Decedent Sally Ann Dye suffered fatal injuries.

## B. **BACKGROUND**

23.     On or about July 15, 2007, at approximately 12:00 A.M., Robert A. Connell was proceeding in a general southerly direction on State Route 207, Madison Township, Fayette County, OH, when for unknown reasons he crossed the center line and collided head-on with a vehicle driven by William B. Hynds, Jr. causing fatal injuries to Sally Ann Dye, a passenger in his vehicle, and causing her death on July 15, 2007 from injuries she suffered as a result of the collision.

24.     On or about July 15, 2007, at approximately 12:00 A.M., Decedent William B. Hynds was proceeding in a general northerly direction on State Route 207, Madison Township, Fayette County, OH, due to his intoxication and other unknown reasons recklessly, carelessly, and wantonly crossed the center line and collided head-on with the vehicle occupied by Sally Ann Dye, causing Sally Ann Dye fatal injuries causing her death on July 15, 2007 from injuries she suffered as a result of the collision.

25.     Decedent William B. Hynds, operated his vehicle in a negligent, wanton, careless, reckless manner that resulted in the death of Plaintiff's Decedent Sally Ann Dye.

26. It is averred that Decedent William B. Hynds was intoxicated at the time of the accident.

## COUNT ONE
## GEORGE R. WERTZ, ESQ. AND JOEL MEDRANO, ADMINISTRATORS OF THE ESTATE OF DECEDENT SALLY ANN DYE VS. KATHIE HYNDS
## WRONGFUL DEATH

27. The averments of all preceding paragraphs are incorporated by reference as if fully set forth at length.

28. Defendant Kathie Hynds did place or entrust the operation and control of the motor vehicle to her husband William B. Hynds as in prior permissive use and/or express entrustment.

29. At all times material, Decedent William B. Hynds was incompetent to operate or control the motor vehicle by reason of age, and/or licensing, and/or experience, and/or habits of recklessness, and/or impairment by intoxication or drug usage, and/or physical or mental handicap or disability.

30. At all times material, Defendant Kathie Hynds knew or, by reason of imputed knowledge, should have known that Decedent William B. Hynds was incompetent to operate the motor vehicle but nonetheless placed or entrusted it to his operation and control.

31. On or about July 15, 2007, William B. Hynds operated or controlled the motor vehicle entrusted to his operation and control by Defendant Kathie Hynds upon a public highway, specifically in a southerly direction on SR 207 near Madison Township, in Fayette County, Ohio, negligently or wantonly and/or in a grossly negligent manner.

32. Plaintiff states that the Decedent driver William B. Hynds, operated

his vehicle without due regard for the safety of others and with a reckless disregard for other drivers.

33. Plaintiff states that the Decedent driver William B. Hynds had a duty to drive his vehicle in a safe and prudent fashion and to pay attention to the circumstances around him and that he had a further duty to drive with due regard for the safety of others.

34. Plaintiff states that the said Decedent, using the vehicle entrusted to him by Defendant Kathie Hynds breached all the above duties and that such breach of duties constitutes negligence as against Decedent, Sally Ann Dye.

35. Each and every one of the negligent acts or omissions on the part of the Defendant was the direct, proximate and sole cause of the death of Sally Ann Dye.

36. Defendant, Kathie Hynds, knew and/or should have known of the hazards and dangers that her husband's conduct as described above posed to Plaintiff's Decedent and others like her under the circumstances.

37. Under the substantive law of Ohio, specifically ORC 2125.01 et seq. ,a cause of action for the wrongful death of Sally Ann Dye exists for the benefit of the Wrongful Death beneficiaries, Joel Medrano, Logan Dye, and Emma Ryleigh Dye.

38. As the direct, proximate and sole result of the foregoing acts and omissions, Plaintiff's Administrators, George R. Wertz, Esq. and Joel Medrano, have also incurred funeral and burial expenses for Sally Ann Dye.

39. As a direct and proximate result of the negligence of Defendant Kathie Hynds, the Decedent Dye's next of kin sustained pecuniary loss in the form of reasonable funeral and burial expenses incurred as a result of the death of Sally Ann Dye.

40. As a direct and proximate result of the negligence of Defendant Kathie Hynds, the Decedent Dye's next of kin sustained the following injuries and damages:

    a. The loss of support from the reasonably expected earning capacity of the Decedent;

    b. The loss of services of the Decedent;

    c. The loss of the society of the Decedent, including loss of companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education;

    d. The loss of the prospective inheritance to the Decedent's heirs at law at the time of her death; and,

    e. The mental anguish incurred upon the Decedent's death.

WHEREFORE, Plaintiffs demand judgment against Defendant Kathie Hynds Individually and jointly and severally with the other Defendants, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, plus costs of this action, attorney fees associated with this case, and such other relief as this Court deems just and equitable.

### COUNT TWO
### GEORGE R. WERTZ ESQ. AND JOEL MEDRANO, ADMINISTRATORS OF THE ESTATE OF DECEDENT SALLY ANN DYE v. KATHIE HYNDS SURVIVAL

#### A. COMPENSATORY DAMAGES

41. The averments of all preceding paragraphs are incorporated by reference as if fully set forth at length.

42. Plaintiff's Decedent Sally Ann Dye experienced mental and physical pain and suffering between the moment of her injury and the moment of her death.

43. As the direct, proximate and sole result of the negligent acts and omissions of Defendant Kathie Hynds as pled earlier in this complaint, the Decedent Dye sustained injuries for which, had she lived, she would have been entitled, under Ohio law, to recover damages from Kathie Hynds. Such injuries include impairment of future earning capacity, any medical or hospital expenses incurred between the moment of the injury and her death, and the pain and suffering referred to in the preceding paragraph. Decedent Dye's next of kin also sustained other pecuniary loss, in payment of the Decedent's debts owing at the time of her death.

## B. PUNITIVE DAMAGES

44. Some or all of Defendant, Kathie Hynds's, actions and inactions were outrageous, reckless, wilful, and wanton, among other things.

45. Some or all of Defendant's conduct was done with evil motive and/or with reckless indifference to the rights, safety, and life of Plaintiff's Decedent and others like her, and were the result of a conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm, and did cause such harm.

46. As a result of the outrageous, willful, wanton and /or reckless conduct of Defendant, Kathie Hynds, Plaintiff is entitled, under Ohio law, to punitive damages against Kathie Hynds.

WHEREFORE, Plaintiffs demand judgment against Defendant Kathie Hynds Individually and jointly and severally with the other Defendants, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, plus punitive damages, costs of this action, attorney fees associated

with this case, and such other relief as this Court deems just and equitable.

## COUNT THREE
## GEORGE WERTZ, ESQ., AND JOEL MEDRANO, ADMINISTRATORS OF THE
## ESTATE OF DECEDENT SALLY ANN DYE
## VS. WORKPLACE RESOURCES, LLC
## WRONGFUL DEATH

47. The averments of all preceding paragraphs are incorporated by reference as if fully set forth at length.

48. All averments of liability and damage made against Decedent William B. Hynds in Count Five of this Complaint are hereby asserted against Defendant Workplace Resources, LLC, the "alter ego" of Decedent William B. Hynds.

49. Decedent William B. Hynds used his position as President and Manager of Workplace Resources, LLP in such a way that there was no adequate distinction between the corporation and its shareholders.

50. Said Decedent made such use of his position as President and Manager of the corporation in such a manner that the corporation had no mind of its own.

51. Said Decedent made such use of his position as President and Manager of the corporation that it would be inequitable or unjust to recognize the corporation as a separate entity.

52. Said Decedent made such use of his position as President and Manager of the corporation that recognition of the corporation as separate would result in injury, unjust loss, or derogation of the rights of the Plaintiffs to be fully and adequately compensated for the injuries suffered by the Plaintiffs' Decedent, and by her estate, as pled above in this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendant Workplace Resource, LLC individually and jointly and severally with the other Defendants, for compensatory damages in an amount in excess of Seventy--Five Thousand Dollars ($75,000.00) plus interest, costs of this action, attorney fees associated with this case, and such other relief as this Court deems just and equitable

## COUNT FOUR
## GEORGE R. WERTZ, ESQ. AND JOEL MEDRANO ADMINISTRATORS OF THE ESTATE OF DECEDENT SALLY ANN DYE VS. WORKPLACE RESOURCE, LLC SURVIVAL

### A. COMPENSATORY DAMAGES

53. The averments of all preceding paragraphs are incorporated by reference as if fully set forth at length.

54. All averments of liability and damage made against Decedent William B. Hynds in Count Six of this Complaint are hereby asserted against Defendant Workplace Resource, LLC, the 'alter ego" of Decedent William B. Hynds.

55. Decedent William B. Hynds used his position as President and Manager of Workplace Resources, LLP in such a way that there was no adequate distinction between the corporation and its shareholders.

56. Decedent William B. Hynds made such use of his position as President and Manager of the corporation in such a manner that the corporation had no mind of its own.

57. Decedent William B. Hynds made such use of his position as President and Manager of the corporation that it would be inequitable or unjust to recognize the corporation as a separate entity.

58. Decedent William B. Hynds made such use of his position as President and Manager of the corporation that recognition of the corporation as separate would result in injury, unjust loss, or derogation of the rights of the Plaintiff to be fully and adequately compensated for the injuries suffered by the Plaintiff's Decedent, and by her estate, as pled above in this Complaint.

## B. PUNITIVE DAMAGES

59. Some or all of this Defendant's actions and inactions were outrageous, reckless, wilful, and wanton, among other things.

60. Some or all of Defendant's conduct was done with evil motive and/or with reckless indifference to the rights, safety, and life of Plaintiff's Decedent and others like her, and were the result of a conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm, and did cause such harm.

61. As a result of the outrageous, willful, wanton and /or reckless conduct of this Defendant, Plaintiff is entitled, under Ohio law, to punitive damages against Workplace Resource, LLC.

WHEREFORE, Plaintiffs demand judgment against Defendant Workplace Resource, LLC, Individually and jointly and severally with the other Defendants, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, plus punitive damages, costs of this action, attorney fees associated with this case, and such other relief as this Court deems just and equitable.

## COUNT FIVE
## GEORGE R. WERTZ, ESQ.,AND JOEL MEDRANO, ADMINISTRATORS OF THE ESTATE OF DECEDENT SALLY ANN DYE v. MARC S. KRAMER, ADMINISTRATOR OF THE ESTATE OF WILLIAM B. HYNDS
## WRONGFUL DEATH

62. The averments of all preceding paragraphs are incorporated by reference as if fully set forth at length.

63. Plaintiff states that the Decedent William B. Hynds operated his vehicle without due regard for the safety of others and with a reckless disregard for other drivers.

64. Plaintiff states that the said Decedent had a duty to drive his vehicle in a safe and prudent fashion and to pay attention to the circumstances around him and that he had a further duty to drive with due regard for the safety of others, and to operate the vehicle without being in a state of legal intoxication.

65. Plaintiff states that the said Decedent breached all the above duties and that such breach of duties constitutes negligence as against Plaintiff's Decedent, Sally Ann Dye.

66. Each and every one of the foregoing negligent acts or omissions on the part of the Defendant was the direct, proximate and sole cause of the death of Sally Ann Dye.

67. This claim is brought under the Ohio Revised Code 2125.01 et seq. for the benefit of the Wrongful Death beneficiaries, Joel Medrano, Logan Dye, and Emma Ryleigh Dye.

68. As the direct, proximate and sole result of the foregoing acts and

omissions, Plaintiff's Administrators have also incurred funeral and burial expenses for Decedent.

69. As a direct and proximate result of the negligence of William B. Hynds, the Decedent Dye's next of kin sustained pecuniary loss in the form of reasonable funeral and burial expenses incurred as a result of the death of Sally Ann Dye.

70. As a direct and proximate result of the negligence of William B. Hynds, the Decedent Dye's next of kin sustained the following injuries and damages:

   a. The loss of support from the reasonably expected earning capacity of the Decedent;

   b. The loss of services of the Decedent;

   c. The loss of the society of the Decedent, including loss of companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education;

   d. The loss of the prospective inheritance to the Decedent's heirs at law at the time of her death; and,

   e. The mental anguish incurred upon the Decedent's death.

WHEREFORE, Plaintiffs demand judgment against Defendant Marc Kramer, Esq., Administrator of the Estate of William B. Hynds, jointly and severally with the other Defendants, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, plus costs of this action, attorney fees associated with this case, and such other relief as this Court deems just and equitable.

## COUNT SIX
## GEORGE R. WERTZ, ESQ. AND JOEL MEDRANO, ADMINISTRATORS OF THE ESTATE OF DECEDENT SALLY ANN DYE
## v. MARC S. KRAMER, ADMINISTRATOR OF THE ESTATE OF WILLIAM B. HYNDS
## SURVIVAL

### A. COMPENSATORY DAMAGES

71. The averments of all preceding paragraphs, particularly the paragraphs of the preceding count, are incorporated by reference as if fully set forth at length.

72. Decedent Sally Ann Dye experienced mental and physical pain and suffering between the moment of her injury and the moment of her death.

73. As the direct, proximate and sole result of the negligent acts and omissions of William B. Hynds as pled earlier in this complaint, the Decedent Dye sustained injuries for which, had she lived, she would have been entitled, under Ohio law, to recover damages from William B. Hynds. Such injuries include impairment of future earning capacity, any medical or hospital expenses incurred between the moment of the injury and her death, and the pain and suffering referred to in the preceding paragraph. Decedent Dye's next of kin also sustained other pecuniary loss, in payment of the Decedent's debts owing at the time of her death.

### B. PUNITIVE DAMAGES

74. Some or all of Decedent William B. Hynds's, actions and inactions were outrageous, reckless, willful, and wanton, among other things.

75. Said Decedent's conduct was done with evil motive and/or with reckless indifference to the rights, safety, and lives of Sally Ann Dye and others like her, and were the result of a conscious disregard for the rights and safety of other

persons that had a great probability of causing substantial harm, and did cause such harm.

76. As a result of the outrageous, willful, wanton and /or reckless conduct of Defendant's Decedent, William B. Hynds, Plaintiffs are entitled to punitive damages against this Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant Marc Kramer, Esq., Administrator of the Estate of William B. Hynds, jointly and severally with the other Defendants, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, plus punitive damages, costs of this action, attorney fees associated with this case, and such other relief as this Court deems just and equitable.

## COUNT SEVEN
## PLAINTIFFS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

77. Plaintiffs reallege each and every allegation contained in the preceding Paragraphs as if fully rewritten herein.

78. At the time of the collision, the vehicle in which Plaintiffs' Decedent was riding was insured under Defendant State Farm Mutual Automobile Insurance Company. Said policy provides both liability coverage and uninsured/underinsured motorist coverage. A copy of said policy is not attached hereto because it is in the possession and control of Defendant State Farm Mutual Automobile Insurance Company, but will be provided upon receipt from said Defendant.

79. Plaintiffs have asserted a claim against Defendant State Farm Mutual Automobile Insurance Company based upon the fact that the Defendants do not have sufficient liability coverage to fully and adequately compensate the estate of Sally Ann

Dye for the injuries suffered by her as a direct and proximate result of their negligence.

80. Plaintiffs are entitled to uninsured/underinsured benefits from Defendant State Farm Mutual Automobile Insurance Company on the uninsured/underinsured benefits up to the extent of the policy limits of the insurance.

WHEREFORE, Plaintiffs demand judgment against Defendant State Farm Mutual Automobile Insurance Company, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, costs of this action, attorney fees associated with this case, and such other relief as this Court deems just and equitable.

Respectfully submitted,
Samuel B. Weiner Company, L.P.A.

Samuel B. Weiner, Esquire
OH I.D. # 0003970
*Attorney for* George R. Wertz, Esq. *and Joel Medrano as Administrators of the Estate of Decedent Sally Ann Dye*